## ROLAND G. HAZARD *v.* BURWELL BOYKIN.

An impeachment of the certificate and discharge of a bankrupt under the act of Congress of 19 August, 1841, as having been " obtained in error and fraud, the said bankrupt having fraudulently made payments, given securities, conveyances and transfers of his property, and made agreements in contemplation of bankruptcy, and for the purpose of giving certain creditors, endorsers and sureties, preference and priority over his general creditors, and over the plaintiff," is too vague and indefinite. It should have specified the particular error or fraud complained of.

APPEAL from the Commercial Court of New Orleans, *Watts*, J.

*Hamner*, for the appellant. The case must be remanded for further proceedings, judgment having been rendered without the cause having been set down for trial, either regularly, or by consent. Code of Pract. arts. 533, 535, 463. Acts of 1841, p. 17, s. 16, 6 Mart. N. S. 635. 3 Robinson, 370. Judgment should have been rendered only on the exception. Code of Pract. arts. 344, 536, 606, 532, 419, 491, 492, 494, 495. No judgment can be pronounced by this court on the merits ; to do so, would be to assume original jurisdiction. Code of Pract. art. 874. 6 Mart. N. S. 635. 19 La. 210. The judgment on the exception itself was wrong. The only legal judgment which could have been rendered would h ive been in the alternative, directing the plaintiff to amend his impeachment, or, in case of his failure to do so, ordering it to be dismissed. The general principle is, that amendments should be allowed whenever the ends of justice will be promoted thereby. See 3 Robinson, 126.

*Elmore* and *W. W. King*, for the defendant.

MARTIN, J. The defendant resisted the plaintiff's claim, on the ground that since it accrued, the defendant has sought for and obtained a discharge from all his debts, from the Court of the United States for the district of Alabama, which discharge is pleaded in bar to the present suit.

The plaintiff impeaches the certificate and discharge of the defendant ; and avers, that they were obtained in error and fraud, he having fraudulently made payments, given securities, conveyances and transfers of his property, and made agreements, in con-

templation of bankruptcy, and for the purpose of giving certain creditors, endorsers and sureties, preference and priority over his general creditors, and over the plaintiff.

The defendant excepted to this impeachment as too vague, indefinite, and general, not specifying what particular error or fraud is complained of. There is also an exception to the jurisdiction of the court.

The court sustained the exception of the defendant to the plaintiff's impeachment of his certificate and discharge; did not act on the plea to its jurisdiction; and gave judgment absolutely for the defendant. In our opinion, the judge erred. We admit the impeachment was too vague, general, and indefinite, not affording the defendant any knowledge of any particular fact, as to which it was necessary he should prepare himself with evidence in order to disprove any charge which the plaintiff might attempt to substantiate; but the opportunity ought to be reserved to the plaintiff to establish his pretensions in another suit.

It is, therefore, ordered, that the judgment be annulled and reversed, and that ours be for the defendant, as in case of nonsuit; the plaintiff paying the costs below, and the defendant those of the appeal.